IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY MOON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01756 |
| | § | |
| KROGER TEXAS, L.P. & | § | |
| THE KROGER CO., d/b/a K035 | § | |
| KROGER EAST/DALLAS | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants The Kroger Texas, L.P. and The Kroger Co., d/b/a K035 Kroger East/Dallas (referred to as "Defendants"), in the case styled "*Mary Moon v. Kroger Texas, LP and The Kroger Co., d/b/a K035 Kroger East/Dallas*" originally pending as Cause No. CC-22-03526-D in the County Court at Law No. 4, Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendants are not citizens of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[2]

The Kroger Co., at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Ohio with its principal place of business in Ohio. The Kroger Co. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio with its principal place of business in Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about March 8, 2022, while shopping at Defendant's store located at 1919 Faithon P. Lucas Sr., Boulevard, Mesquite, Texas 75181, she tripped and fell on a price channel strip that was protruding into the aisle.[3]  Plaintiff filed suit on July 5, 2022, in the

---

[2] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2 at p. 1, ¶ 2.

[3] *Id.* at p. 2, ¶ 4.

County Court at Law No. 4, Dallas County, Texas, alleging premises liability and negligence-based claims against Defendants.[4]

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[5]  Specifically, Plaintiff seeks damages for past and future: (1) medical expenses; (2) physical pain and suffering; (3) mental anguish; (4) physical impairment; (5) physical disfigurement; (6) loss of enjoyment of life; and (7) out-of-pocket expenses.[6] As a Plaintiff alleges damages in an amount over $250,000.[7] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[8]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[9] Defendants first became aware this case was removable on or about July 12, 2022, when Defendant Kroger Texas, L.P. was served with Plaintiff's Original Petition.[10]  Accordingly, this removal is timely because it

---

[4]*Id.* at pp. 3-5.

[5] *Id.* at p 6..

[6] *Id.* at p. 5.

[7] *Id.* at p. 6.

[8] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[9] 28 U.S.C. § 1446(b).

[10] See Service of Citation attached to Pl's Orig. Pet. (Exh. 2).

is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on July 5, 2022.[11]

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

**VII.**
**PROCEDURAL REQUIREMENTS**

Defendants filed with the Clerk of the County Court at Law No. 4, of Dallas County, Texas, a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)     State court docket sheet (as of August 11, 2022);

(2)     Plaintiff's Original Petition (filed July 5, 2022) with Service of Citation; and

(3)     Defendants Original Answer (filed July 28, 2022).

Also, in compliance with Local Rule 81.1, Defendants have filed the following documents with the Notice:

- Civil Cover Sheet

- Supplemental Civil Cover Sheet

---

[11] *See id.*

- 4 -

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Federal Rules of Civil Procedure on August 11, 2022.

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**

# EXHIBIT 1

**Exhibit 1**

## Case Information

CC-22-03526-D | MARY MOON vs.KROGER TEXAS L.P. , THE KROGER CO D/B/A K035 KROGER EAST/DALLAS

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-03526-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 07/05/2022 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
MOON, MARY

Active Attorneys▾
Lead Attorney
BARR, MARY CHRISTIAN
Retained

DEFENDANT
KROGER TEXAS L.P.

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
211 E 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE
Retained

DEFENDANT
THE KROGER CO D/B/A K035 KROGER EAST/DALLAS

Address
SERVS ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
211 E 7TH STREET, SUITE 620
AUTIN TX 78701

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

07/05/2022 NEW CASE FILED (OCA)

07/05/2022 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

07/05/2022 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 66110666

07/07/2022 CORRESPONDENCE - LETTER TO FILE ▾

CORRESPONDENCE LETTER

Comment
REQUEST TO ISSUE CITATION

07/07/2022 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 66110666

07/07/2022 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method

07/07/2022 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method

07/28/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANTS ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

Comment
DEFENDANTS ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

## Financial

KROGER TEXAS L.P.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $358.00 |
| | Total Payments and Credits | | | $358.00 |
| 7/5/2022 | Transaction Assessment | | | $358.00 |
| 7/5/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-06304 | KROGER TEXAS L.P. | ($221.00) |
| 7/5/2022 | STATE CREDIT | | | ($137.00) |

MOON, MARY

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $9.00 |
| | Total Payments and Credits | | | $9.00 |
| 7/7/2022 | Transaction Assessment | | | $9.00 |
| 7/7/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-06387 | MOON, MARY | ($9.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

COURT FLETTER

CORRESPONDENCE LETTER

ISSUE CITATION

ISSUE CITATION

DEFENDANTS ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

# EXHIBIT 2

Exhibit 2



LDD / ALL
**Transmittal Number: 25226174**
**Date Processed: 07/15/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas L.P. |
| **Title of Action:** | Mary Moon vs. Kroger Texas, L.P. |
| **Matter Name/ID:** | Mary Moon vs. Kroger Texas, L.P. (12569357) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County Court at Law, TX |
| **Case/Reference No:** | CC-22-03526-D |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/12/2022 |
| **Answer or Appearance Due:** | by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Burt Barr & Associates LLP<br>214-943-0012 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Served
7/7/2022 2:44 PM

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-22-03526-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS**
**INCORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MARY MOON**
*Plaintiff(s)*

VS.

**KROGER TEXAS L.P. ; THE KROGER CO D/B/A K035 KROGER EAST/DALLAS**
*Defendant(s)*

filed in said Court on the 5th day of July, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of July, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_, Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

## CC-22-03526-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

MARY MOON, *Plaintiff(s)*

VS.

KROGER TEXAS L.P. ; THE KROGER
CO D/B/A K035 KROGER
EAST/DALLAS, *Defendant(s)*

---

**SERVE:**
**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS**
**INCORPORATION SERVICE**
**COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701**

**ISSUED THIS**
**7TH DAY OF JULY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

MARY CHRISTIAN BARR
BURT BARR & ASSOCIATES LLP
PO BOX 223667
DALLAS TX 75222-3667
214-943-0012

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

FILED
7/5/2022 1:40 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-03526-D

CAUSE NO._____

| | | |
|---|---|---|
| **MARY MOON,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **NO. _____** |
| **KROGER TEXAS, L.P. &** | § | |
| **THE KROGER CO., d/b/a K035** | § | |
| **KROGER EAST/DALLAS.,** | § | |
| *Defendants,* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mary Moon, (hereinafter "Plaintiff"), complaining of The Kroger Co., and Kroger Texas, L.P. d/b/a K035 Koger East/Dallas, (hereinafter "Defendants"), and would respectfully show unto the Court as follows:

#### I.    DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190.1, Plaintiff intends to conduct discovery under Level 3 and requests that a Discovery Control Plan be entered by the Court pursuant to Rule 190.4.

#### II.    PARTIES

Plaintiff, Mary Moon is an individual residing in Dallas County, Texas.

Defendant, Kroger Texas, L.P. is a company doing business in Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, The Kroger Co., d/b/a as K035 Kroger East/Dallas is a company doing business in Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### III.   VENUE AND JURISDICTION

This Court has jurisdiction over this case because the amount in controversy is within the Court's jurisdictional limits. This Court has personal jurisdiction over Defendants because Defendants do business in Texas.

Venue is proper in Dallas County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas.

### IV.   FACTS

On or about March 8, 2022, during normal business hours, Plaintiff entered the Defendants' business premises locates at 1919 Faithon P Lucas Sr. Boulevard Mesquite, Texas 75181, a/k/a Kroger. While walking down the chip aisle, Plaintiff tripped and fell on a price channel strip that was protruding into the aisle on Defendants' premises.

As a result, Plaintiff suffered a hard fall, causing severe personal/bodily injuries and resulting damages. Additionally, and more specifically, on information and belief, at the time of Plaintiff's trip and fall, the price channel strip that was protruding into the aisle was clear plastic, making it difficult for a customer/invitee to be aware of this hazard, which had not been repaired. As a direct and proximate result of this fall, Plaintiff suffered severe, permanent and debilitating bodily injuries and resulting damages.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

PLAINTIFF'S ORIGINAL PETITION – Page 2
31120.01

Defendants extended an open invitation to the public, including Plaintiff to enter the premises and purchase goods and services. Plaintiff entered the premises for the purpose of purchasing goods. Accordingly, Plaintiff was an invitee to whom Defendants owed the duty to use ordinary care in making its premises reasonably safe and/or warning Plaintiff of any dangerous conditions or activities existing upon said premises. Defendants breached this duty of care to make its premises reasonably safe and warn the Plaintiff of any dangerous conditions or activities existing upon said premises.

## V.     NEGLIGENCE AGAINST ALL DEFENDANTS

Defendants as owners, occupiers, controllers and/or managers of the premises in question, at all times material hereto, owed a duty to act a reasonable and prudent property owner would have done under similar circumstances. Defendants were negligent and such negligence was the proximate cause of Plaintiff's injuries and damages. Defendants breached their duty by, among other acts and/or omissions, as follows:

a) Failing to properly and adequately maintain the premises;

b) Failing to provide competent safety management;

c) Failing to remove known or discoverable/knowable hazards from the premises;

d) Failing to identify/detect the hazard as a person of ordinary prudence would have identified under the same or similar circumstances;

e) Failing to properly and timely inspect the area in question for known or discoverable/knowable hazards;

f) Failing to properly and timely remedy/repair the loose price channel strip;

g) Failing to properly maintain the area and failed to adequately warn and alert Plaintiff and others to the danger;

h) Failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

PLAINTIFF'S ORIGINAL PETITION – Page 3
31120.01

i) Failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and

j) Failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe.

The above enumerated acts and omissions, singularly or in combination with others, individually and collectively constituted negligence, which proximately caused the incident and proximately caused the injuries and damages to Plaintiff.

## VI.   PREMISE LIABILITY

At all times material to this lawsuit, Defendants owned, operated, managed, and controlled the premises, which includes where the subject incident occurred. Plaintiff was an invitee on the premises in question. Defendants knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect make safe or adequately warn Plaintiff of the condition. Furthermore, Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

At the time and on the occasion in question:

a) A condition existed on Defendants' premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

b) Defendants knew, or should have known in the exercise of ordinary care, that the condition of the premises posed an unreasonable risk of harm;

c) Defendants should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

d) Defendants were negligent in that Defendants or its employees created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and

e) The condition of Defendants' premises caused Plaintiff's injuries and damages.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

PLAINTIFF'S ORIGINAL PETITION – Page 4
31120.01

As an invitee, Defendants owed a duty to Plaintiff to inspect and make the said condition safe, or at least warn Plaintiff of the existence of the unreasonably dangerous condition prior to the subject incident. Defendants failed to satisfy its legal duty to Plaintiff in both respects. Defendants are, therefore, liable for the unreasonably dangerous condition under a premises liability theory.

## VII.  RESPONDEAT SUPERIOR

Defendants are liable for the torts committed by its employees during the course and scope of their employment. Defendants' employees, while acting within the course and scope of their employment (and in furtherance of Defendants' business), had a general duty to exercise reasonable care in performing their work. Defendants' employees failed to exercise the requisite standard of care under the circumstances. As a result, Defendants are liable for injuries sustained by Plaintiff.

## VIII.  DAMAGES

Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer damages including but not limited to:

a) Past and future medical expenses;

b) Past and future physical pain and suffering;

c) Past and future mental anguish;

d) Past and future physical impairment;

e) Past and future physical disfigurement; and

f) Past and future loss of enjoyment of life; and

g) Out-of-pocket expenses.

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

PLAINTIFF'S ORIGINAL PETITION – Page 5
31120.01

In satisfaction of the requirement of Tex. R. Civ. P. 47(c), Plaintiff states that she seeks monetary relief over $250,000. This statement is made solely for the purpose of providing information on the nature of this case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

## IX.    **RULE 193.7 NOTICE**

Pursuant to Tex. R. Civ. P. 193.7, Plaintiff gives notice to Defendants that any documents produced in response to written discovery will be used in pretrial proceedings and/or at trial without the necessity of authenticating the documents unless Defendants object pursuant to Tex. R. Civ. P. 193.7.

## **PRAYER**

For these reasons, Plaintiff Mary Moon, respectfully requests that the Court issued citation commanding Defendants, The Kroger Co., and Kroger Texas, L.P. d/b/a K035 Koger East/Dallas to appear and answer, and that Plaintiff take judgment against Defendants for actual damages, pre-judgment and post-judgment interest, costs of court, and further relief to which Plaintiff may be entitled.

Respectfully submitted,
**BURT BARR & ASSOCIATES, L.L.P.**

*/s/ Mary Christian Barr*
JOHN HOLMAN BARR
SBN:  01798700
Mary Christian Barr
SBN: 24082586
P.O. Box 223667
Dallas, Texas 75222-3667
Telephone 214-943-0012
Telecopier 214-943-0048
jbarr@barr.com
mcbarr@bbarr.com
**ATTORNEYS FOR PLAINTIFF**

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

PLAINTIFF'S ORIGINAL PETITION – Page 6
31120.01

# EXHIBIT 3

Exhibit 3

CAUSE NO. CC-22-03526-D

| | | |
|---|---|---|
| MARY MOON, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4 |
| | § | |
| KROGER TEXAS L.P. & | § | |
| THE KROGER CO., d/b/a K035 | | |
| KROGER EAST/DALLAS, | | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANTS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

Defendants Kroger Texas L.P. and The Kroger Co. (erroneously Identified as The Kroger Co., d/b/a K035 Kroger East/Dallas") file their Original Answer and Special Exceptions to Plaintiff's Original Petition and, in support thereof, respectfully shows the Court as follows:

### I.
### VERIFIED DENIAL

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendants deny that Plaintiff is entitled to recover from "The Kroger Co., d/b/a K035 Kroger East/Dallas" in the capacity in which this entity has been sued. Defendant denies that "The Kroger Co., d/b/a K035 Kroger East/Dallas" owned or operated the store at issue on the date of this incident. Defendant also denies that ""The Kroger Co., d/b/a K035 Kroger East/Dallas"" as named, is an entity in existence. Consequently, Plaintiff has no right or potential right of recovery against "The Kroger Co., d/b/a K035 Kroger East/Dallas" because the proper party has not been sued. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

---

**II.**

**ANSWER**

**A.    GENERAL DENIAL**

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demand strict proof thereof and, to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**B.    DEFENSES**

1.    Defendants had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further assert that, in any event, the alleged hazard was not "unreasonably dangerous."

2.    Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendants.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

3.    The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendants deny that they owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4.    Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or

omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6.      Defendants respectfully request that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.      In the unlikely event an adverse judgment is rendered against Defendants in this matter, Defendants respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.      To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendants.

9.      To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

10.      To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendants contend said treatment is not medically necessary or reasonable.

11.      Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with

respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.    Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### SPECIAL EXCEPTIONS

13.    Defendants object and specially except to the section of Plaintiff's Original Petition, titled "Rule 193.7 Notice," paragraph IX, which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, such section of Plaintiff's Original Petition states that "Pursuant to Tex.R.Civ.P. 193.7, Plaintiff gives notice to Defendants that any documents produced in response to written discovery will be used in pretrial proceedings and/or at trial without the necessity of authenticating the documents unless Defendants object pursuant to Tex.R.Civ.P. 193.7". However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all

---

[1]    Tex. R. Civ. P. 193.7 (2021) (emphasis added).

[2]    *Id.*, cmt. 7 (emphasis added).

documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Moreover, Plaintiff's statement is overly broad, inasmuch as it improperly tries to authenticate documents "produced by any party," which goes far beyond the provision of Rule 193.7. Therefore, Defendants request that the Court strike section of Plaintiff's Original Petition, titled "Plaintiff's Rule 193.7 Notice to Defendant" in its entirety.

## IV.
## COURT REPORTER RQUESTED

14.    Defendants respectfully demand a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Kroger Texas L.P. and The Kroger Co. (erroneously Identified as The Kroger Co., d/b/a K035 Kroger East/Dallas") pray that their special exceptions be granted.  Further, Defendants respectfully pray Plaintiff take nothing by this cause, that Defendants be permitted to recover the costs expended on their behalf, and for such other and further relief to which they may show themselves to be justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 28, 2022.

/s/ B. Kyle Briscoe

B. Kyle Briscoe

## VERIFICATION

STATE OF TEXAS

COUNTY OF TARRANT

     Before me, the undersigned authority, did personally appear **Margaret M. Knott**, who upon her oath deposes and says that she is one of the attorneys for Defendants, that she has never been convicted of a crime, and that she is over the age of 21 and competent to make this verification. Accordingly, Mrs. Knott verifies that the facts alleged in the section of the foregoing pleading entitled "VERIFIED DENIAL" are true and correct.

                                      **Margaret M. Knott**

Subscribed and sworn to before me on this 28th day of July 2022.

                              NOTARY PUBLIC in and for the State of Texas

> ELIZABETH CONTRERAS
> Notary Public, State of Texas
> Comm. Expires 02-06-2024
> Notary ID 129335398

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Bryan Briscoe
Bar No. 24069421
rdimarco@peavlerbriscoe.com
Envelope ID: 66760210
Status as of 7/28/2022 1:14 PM CST
Associated Case Party: MARY MOON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John HolmanBarr | | jbarr@bbarr.com | 7/28/2022 12:03:57 PM | SENT |
| Mary ChristianBarr | | mcbarr@bbarr.com | 7/28/2022 12:03:57 PM | SENT |
| Carol Chambers | | cchambers@bbarr.com | 7/28/2022 12:03:57 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Bryan Briscoe
Bar No. 24069421
rdimarco@peavlerbriscoe.com
Envelope ID: 66760210
Status as of 7/28/2022 1:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/28/2022 12:03:57 PM | SENT |
| Margaret M. Knott | | mknott@peavlerbriscoe.com | 7/28/2022 12:03:57 PM | SENT |
| Erika Pina | | epina@peavlerbriscoe.com | 7/28/2022 12:03:57 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/28/2022 12:03:57 PM | SENT |
| Remigio DiMarco | | RDimarco@PeavlerBriscoe.com | 7/28/2022 12:03:57 PM | SENT |